Frederic William TROFF, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-92-01276-CR.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 18, 1994.

Rehearing Denied Sept. 22, 1994.

---

Tom Zakes, Houston, for appellant.

John B. Holmes, Jr., Julie Klibert, Desiree Wayne, Harris County, for appellee.

Before COHEN, HUTSON–DUNN and O'CONNOR, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of driving while intoxicated. The trial court found an open container allegation true, assessed punishment at 180–days confinement, probated for two years, and assessed a $400 fine. Additionally, the trial court assessed punishment for the open container violation at 30–days confinement to be discharged through community service. We affirm.

### Facts

On June 29, 1992, at about 9:50 p.m., three deputy constables were directing traffic near the Astrodome. While standing at the intersection of Main Street and McKee, they saw appellant driving southbound on the grass median of Main Street. Appellant turned his truck around and came back in the direction where the three deputies were standing. He stopped directly in front of the deputies and in front of a woman who had been walking along Main Street. The deputies approached appellant's truck and told appellant to turn off the engine and to step out of the truck.

Appellant turned off the truck's engine. He initially refused to get out of the truck, but eventually complied with the officers' request. Deputy Brown smelled the strong odor of an alcoholic beverage on appellant's person. Appellant stumbled and slurred his speech. The deputies instructed him to move to the rear of his truck and away from traffic. Appellant continued to stumble. When the officers advised him that they were detaining him for further investigation because they believed he was intoxicated, appellant became aggressive. He struggled when the officers attempted to handcuff him.

Within about 20 minutes, Deputy Constable Bradford Wyatt, who is trained in detecting intoxication, arrived. Deputy Wyatt's video camera was recording as he approached the scene. He saw that appellant's eyes were red and watery, detected an odor of an alcoholic beverage on his breath and person, and noticed that his speech was slurred slightly. Appellant was very talkative and his speech was somewhat incoherent.

Deputy Wyatt asked appellant to perform several field sobriety tests. He did not require appellant to perform the one leg stand test because appellant told him that he had a back problem and that his hands and arms were injured by the other officers before Deputy Wyatt arrived. Appellant attempted to perform the walk and turn test, to recite the alphabet, and to count. Deputy Wyatt was unable finish the instructions for the walk and turn test because appellant repeatedly lost his balance. The deputy also conducted the HGN test and observed the six indicia of intoxication. He formed the opinion that appellant was intoxicated.

Deputy Wyatt found a beer can with beer inside on the center of the floorboard inside appellant's truck. At the police station, appellant refused a breath test and showed Deputy Wyatt an attorney's business card he had that stated he did not want to speak to anyone without counsel.

Appellant testified that he had a couple of beers that afternoon; he was not intoxicated; he showed the officers the attorney's business card immediately after they approached his truck and asked for his driver's license; he was assaulted by the officers; he did not refuse to take a breath test; the beer cans in his truck were empty; and he did not know how the can on the front floorboard got in his truck.

### Suppression of evidence

■ In point of error one, appellant contends the trial court erred in admitting the audio portion of the videotape because he requested counsel before being videotaped.

Appellant testified that he read the statement requesting the presence of counsel when the officers first stopped him and before performing the field sobriety tests. The officers testified appellant did not invoke his right to counsel when approached or at anytime during the field sobriety tests. Officer

Wyatt testified that appellant first read the statement when he was taken to the police station and refused a breathalyzer test.

Here, the trial court was free to believe the officers' version of the facts and not to believe appellant's version. *Lopez v. State*, 663 S.W.2d 587, 591 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). Thus, there was no error.

We overrule point of error one.

### *Batson* challenge

In point of error two, appellant contends the prosecutor violated *Batson*[1] by striking two Hispanics on the venire.

Defense counsel objected, stating:

Judge, our objection is based on Article 35.261 of the Texas Code of Criminal Procedure which prohibits racial and motivated strikes by representatives of the State of Texas, specifically, the State, two of their three strikes that they used were against Hispanics, specifically veneerman [sic] No. 8, Ms. Pratts and No. 11, Mr. Acosta. We feel at this time we have made a prima facie showing that the State has used his pre-emptory [sic] challenges in a prohibited manner and at this time we would like to call the prosecutor to the stand. This also deals with the federal case law of Batson versus Kentucky in 1986, United States Supreme Court decision and its various progenies.

The prosecutor stated that no prima facie showing was made that Pratts and Acosta belonged to a recognizable racial minority group.[2] Defense counsel reiterated that the particular veniremembers were Hispanic. The trial court overruled defense counsel's objection, and the jury was then sworn.[3]

■ Under article 35.261 and under *Batson*, the appellant, after his objection, must make a prima facie case that there has been purposeful discrimination before the burden shifts to the State to come forward with race-neutral reasons for the strikes. *Rousseau v. State*, 824 S.W.2d 579, 582 (Tex.Crim.App. 1992). The State contends appellant never showed that Ms. Pratts and Mr. Acosta were Hispanic; thus, the State did not have to explain its strikes. We must determine whether appellant made a prima facie showing that the State used its peremptory strikes for racially motivated reasons.

■ The trial court's finding regarding whether a prima facie showing has been made is entitled to great deference and will not be disturbed on appeal unless clearly erroneous. *Mata v. State*, 867 S.W.2d 798, 805 (Tex.App.—El Paso 1993, no pet.) (citing *Williams v. State*, 804 S.W.2d 95, 101 (Tex. Crim.App.), *cert. denied*, 501 U.S. 1239, 111 S.Ct. 2875, 115 L.Ed.2d 1038 (1991)). To make out a prima facie case, a defendant needs to show that (1) he is a member of a cognizable racial group; (2) the State exercised peremptory challenges to remove members of a minority; and (3) these facts and any other relevant circumstances raise an inference that the prosecutor used the peremptory challenges to exclude veniremembers on account of their race. *Rousseau*, 824 S.W.2d at 584.

■ Therefore, we need only to determine whether appellant showed that the State struck Hispanics based on race. *Rousseau*, 824 S.W.2d at 584. Defense counsel stated that the two jurors were Hispanic. However, the prosecutor contested his assertion, stating that no showing had been made that the jurors were members of a recognizable racial minority. The record does not show that Pratts or Acosta were Hispanic. And the race or ethnic origin of a venire-

---

1. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

2. Specifically, the prosecutor stated, "And as to additionally as to whether or not counsel for Defense has made a prima facie showing of the mere recitation of numbers is not sufficient *and must make a showing that those particular jurors who have been stricken are also themselves members of a recognizable racial minority group.*"

3. The State argues that appellant did not make his objection until after the jury was sworn. However, we granted appellant's motion to correct the statement of facts to reflect that the jury was not sworn until after appellant made his objection. Therefore, appellant preserved error. *Hill v. State*, 827 S.W.2d 860, 864–65 (Tex.Crim. App.), *cert. denied*, —— U.S. ——, 113 S.Ct. 297, 121 L.Ed.2d 221 (1992).

member cannot be conclusively proven for these purposes based solely upon a surname. *Sanchez v. State*, 797 S.W.2d 951, 956 (Tex. App.—Dallas 1990, no pet.).

Here, appellant did not show that either Pratts or Acosta were Hispanic. He did not show how many venirepersons, if any, were Hispanic or how many Hispanics were struck by the State. The record does not show the racial or ethnic composition of the venire or of the jury. *See Mata*, 867 S.W.2d at 806.

Thus, no evidence supports an inference that the prosecutor's strikes were racially motivated.

We overrule point of error two.

### Sufficiency of the evidence

■ In point of error three, appellant contends the evidence is insufficient to show he immediately possessed an open container of an alcoholic beverage.

We view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Geesa v. State*, 820 S.W.2d 154, 163 (Tex.Crim.App.1991).

An open container finding is established by evidence of a driver's "immediate possession" of an alcoholic beverage. TEX.REV.CIV. STAT.ANN. art. 6701*l*–1(f) (Vernon Supp. 1994). Article 6701*l*–1(f) provides:

> If it is shown on the trial of a person punished for an offense under this article [intoxicated driver] that the person committed the offense and *at the time of the offense the person operating the motor vehicle had an open container of an alcoholic beverage in his immediate possession,* the minimum term of confinement for the offense is increased. . . .

(Emphasis added.) Three deputies saw beer cans, full and empty, on the front seat and front floor of appellant's truck, within his reach.

■ Appellant contends the State must prove he actually held the beer can while driving. We disagree. The term "immediate" limits the driver's possession of the open container to an area within his reach. *See*

*Griffin v. State*, 850 S.W.2d 246, 253 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) (champagne bottle within driver's reach was in immediate possession). Here, appellant was alone in the truck; he smelled strongly of beer; and the beer can was within his reach. We hold the evidence was sufficient.

■ Appellant also contends that the evidence is insufficient because no one analyzed the contents of the beer can to determine that it contained an alcoholic beverage. We hold that without any scientific analysis, a rational trier of fact could find beyond a reasonable doubt that the can contained an alcoholic beverage: the can was a Miller Lite can, and its contents looked and smelled like beer.

We overrule point of error three.

### Jury charge

■ In point of error four, appellant contends the trial judge should have instructed the jury regarding character evidence.

Defense counsel made the following request, which was denied:

> Judge, we would submit an additional requested charge. We did have some testimony pursuant to Rule 404. The character of the accused—that would have been our last witness, Mr. Wilkinson and we would request special instructions being given to the jury dealing with how to consider the character evidence that was introduced
>
> . . . .
>
> The first request would be that we have an instruction to the jury that there was evidence admitted regarding the character of the accused and that they may consider the character of the accused to show a pertinent trait of the defendant in order to prove that he acted in conformity with that trait of his character on a particular occasion.

Appellant presented two character witnesses. Kenneth Wilkinson testified that he has known appellant for 14 to 15 years; he has never seen him intoxicated; and appellant was a light drinker. Ira Perz testified he lived next door to appellant for nine years;

appellant has a "goofy" personality; and he has never seen appellant intoxicated.

In *Pimentel v. State,* 710 S.W.2d 764, 778 (Tex.App.—San Antonio 1986, pet. ref'd), the defendant requested an instruction that character evidence alone could create a reasonable doubt of guilt. The court held that would constitute a comment on the weight of the evidence. *Id.* The same is true here.

We overrule point of error four.

In point of error five, appellant complains that the trial court erred in refusing to include a charge limiting the use of hearsay evidence.

Trial counsel objected to hearsay in the tape and requested an instruction limiting the use of hearsay evidence in the jury's deliberations.

 When an exhibit contains both admissible and inadmissible evidence, the objecting party must specifically point out the inadmissible evidence. *Wintters v. State,* 616 S.W.2d 197, 202 (Tex.Crim.App.1981). Appellant did not point out which portions were hearsay. Therefore, his objection, upon which he based his requested charge, did not preserve error. Moreover, the tape is not in the record. Thus, nothing is presented for review.

We overrule point of error five.

We affirm the trial court's judgment.

O'CONNOR, Justice, dissenting.

I dissent on the resolution of the *Batson*[1] issue.

The majority holds that the appellant did not show that either Pratts or Acosta were Hispanic. I disagree. As to Mr. Acosta, the appellant carried his burden. All three of Mr. Acosta's names are Hispanic—Jesus, Gonzales, and Acosta. The appellant was not required to prove anything. Here, his assertion that Jesus Gonzales Acosta is Hispanic was sufficient to make a prima facie showing.[2]

To support its holding, the majority cites the case of *Sanchez v. State,* 797 S.W.2d 951, 956 (Tex.App.—Dallas 1990, no pet.). *Sanchez* offers no support for the majority's holding. In *Sanchez,* the trial court held a *Batson* hearing. Here, the trial court refused to hold one.

I would sustain point of error two and reverse and remand.

---

**1.** *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

**2.** Prima facie is defined as at first sight; on the first appearance; on the face of it; so far as can be judged from the first disclosure. Black's Law Dictionary p. 1071 (West 1979).