Affirmed and Memorandum Opinion filed October 5, 2004















Affirmed
and Memorandum Opinion filed October 5, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00857-CR

____________

 

ELAINE MARIE
BARTON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Court at Law No. 3

Fort Bend County, Texas

Trial Court Cause No. 100083

 



 

M E M O R A N D U M   O P I N I O N








The jury convicted appellant of driving
while intoxicated and in possession of an open container of an alcoholic
beverage.  The trial court assessed
punishment at 180 days’ confinement in the Fort Bend County Jail, probated for
a period of two years; three days’ confinement, not probated; thirty-six hours
of community service; attendance of DWI education and victim impact courses;
and a fine of $200 plus court costs.  In
four points of error, appellant contends (1) the evidence that she was in
possession of an open container of an alcoholic beverage is legally
insufficient, (2) the State’s final argument improperly shifted the burden of
production of evidence, (3) the trial court abused its discretion by sending
the jury an Allen charge, and (4) the trial court abused its discretion
by allowing expert testimony from an unqualified witness.  We affirm.

FACTUAL BACKGROUND

On June 29, 2002, appellant was driving
with her daughter on F.M. 1640.  Corporal
Victor Garcia of the Richmond Police Department pulled her over because he
noticed that one of her car’s headlights was out.  

During the stop, Corporal Garcia detected
an odor of alcohol, and appellant testified that she had consumed four
beers.  Corporal Garcia gave appellant
three field sobriety tests, each of which she failed.  Corporal Garcia also found an open can of
beer under the front passenger seat. 
Appellant was taken to the Fort
 Bend County
jail where she refused to take a breath test or give a blood specimen.

ANALYSIS

I.        Legal
Sufficiency.

In her first point of error, appellant
contends the evidence that the can of beer was in her immediate possession is
legally insufficient.  

In evaluating a legal sufficiency
challenge, we view the evidence in the light most favorable to the
verdict.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000) (citing Jackson v. Virginia, 443
U.S. 307 (1979)); Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App.
1999).  The issue on appeal is not
whether we, as a court, believe the State’s evidence or believe that
appellant’s evidence outweighs the State’s evidence.  Wicker v. State, 667 S.W.2d 137, 143
(Tex. Crim. App. 1984).  The verdict may
not be overturned unless it is irrational or unsupported by proof beyond a
reasonable doubt.  Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App. 1991); see also Swearingen v.
State, 101 S.W.3d 89, 94 (Tex. Crim. App. 2003).








For an open container finding to be
supported, the State must prove “that at the time of the offense the person
operating the motor vehicle had an open container of alcohol in the person’s
immediate possession.”  Tex. Penal Code § 49.04(c).  The State is not required to prove that the
person actually held the container while driving.  Troff v. State, 882 S.W.2d 905, 909
(Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).  Proof that the container was within the
person’s reach will suffice.  Id.; see also Griffin v. State, 850 S.W.2d
246, 253 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d).

Corporal Garcia testified that the can of
beer was on the floor board under the front passenger seat.  Based on this testimony, the jury could have
rationally concluded the can was within appellant’s reach and therefore within
her immediate possession.  Further,
Corporal Garcia testified that the can was in appellant’s immediate
possession.  We overrule appellant’s
first point of error.

II.       Closing
Arguments.

In her second point of error, appellant
contends the State’s final argument improperly shifted the burden of proof to
her.  Specifically, appellant argues that
she was required to produce evidence of her innocence because the State commented
on appellant’s failure to subpoena her daughter or another officer who was at
the scene of the arrest.

“[T]he prosecutor may comment on the
defendant’s failure to produce witnesses and evidence so long as the remark
does not fault the defendant for exercising [her] right not to testify.”  Jackson v. State, 17 S.W.3d 664, 674
(Tex. Crim. App. 2000); see also Jarnigan v. State, 57 S.W.3d 76,
94 (Tex. App.—Houston
[14th Dist.] 2001, pet. ref’d).  

Because the State’s final argument did not
fault appellant for exercising her right not to testify, it was not
improper.  We overrule appellant’s second
point of error.

III.      Allen
Charge.








In her third point of error, appellant
contends the trial court abused its discretion by sending the jury an Allen
charge.[1]  After deliberating for three hours, the jury
sent the trial court a note asking, “We are having trouble agreeing.  What do we do?”  The trial court responded,

If this jury, after a reasonable
length of time, finds itself unable to arrive at a unanimous verdict, it will
be necessary for the Court to declare a mistrial and discharge the jury.

The information will still be
pending and it is reasonable to assume that the case will be tried before
another jury at some future time.  Any
such future jury will be impanelled in the same way this jury has been
impaneled and will likely hear the same evidence which has been presented to
this jury.

The questions to be determined by
that jury will be the same as the questions confronting you, and there is no
reason to hope that the next jury will find those questions any easier to
decide than you have found them.

With this additional instruction,
you are instructed to continue deliberations in an effort to arrive at a
verdict which is acceptable to all members of the jury.

Appellant argues she was harmed because this charge
coerced the jury to come to a decision, because otherwise another jury would be
called in to make the decision.

This charge is effectively identical to
the charge considered by the Court of Criminal Appeals in Arrevalo v. State,
489 S.W.2d 569 (Tex. Crim. App. 1973).[2]  The Court held, “while the explanation as to
procedure for a retrial in the event of a mistrial was unnecessary, we find
nothing in it of a coercive nature.”  Id. at 572.

Appellant does not cite any authority
holding this charge is coercive, nor are we aware of any.  To the contrary, courts have consistently
held that this charge is not coercive.  See,
e.g., West v. State, 121 S.W.3d 95, 108–09 (Tex. App.—Fort Worth
2003, pet. ref’d); Willis v. State, 761 S.W.2d 434, 437–38 (Tex.
App.—Houston [14th Dist.] 1988, pet. ref’d). 
We overrule appellant’s third point of error.








IV.      Expert
Testimony.

In her fourth point of error, appellant
contends the trial court abused its discretion by allowing Corporal Garcia to
testify concerning the Horizontal Gaze Nystagmus (“HGN”) test.

A ruling on a motion to suppress lies
within the sound discretion of the trial court. Villarreal v. State, 935
S.W.2d 134, 138 (Tex. Crim. App. 1996). 
At the hearing on the motion, the trial court serves as the sole judge
of the credibility of the witnesses and the weight to be given their testimony.  Id.;
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Therefore,
absent a clear showing of an abuse of discretion, we will not disturb the trial
court’s ruling.

For testimony concerning a defendant’s
performance on an HGN test to be admissible, the State must show that the
testifying witness is an expert on the HGN test.  Emerson v. State, 880 S.W.2d 759, 769
(Tex. Crim. App. 1994).  This requirement
is satisfied by proof that a police officer has received practitioner
certification to apply the HGN test.  Id.  If the officer has not received practitioner
certification, this requirement can still be met if the trial court determines
that the officer is otherwise qualified as an expert based on knowledge, skill,
experience, training, or education.  See
Singleton v. State, 91 S.W.3d 342, 348 (Tex. App.—Texarkana 2002, no
pet.); Smith v. State, 65 S.W.3d 332, 344 (Tex. App.—Waco 2001, no
pet.); Kerr v. State, 921 S.W.2d 498, 502 (Tex. App.—Fort Worth 1996, no
pet.); see also Tex. R. Evid.
702.








At the time he performed the HGN test on
appellant, Corporal Garcia had not yet received his certificate from the Texas
Commission on Law Enforcement Officer Standards and Education (“TCLEOSE”).  However, he had already completed the
necessary training and had submitted the necessary tests to TCLEOSE.  The certificate arrived approximately two
months later, indicating that the tests had been completed successfully.  Based on this evidence, the trial court would
not have abused its discretion in determining that Corporal Garcia had received
the necessary training to be considered an expert on the HGN test.  We overrule appellant’s fourth point of
error.

We affirm the judgment of the trial court.

 

 

 

 

/s/      Elizabeth Ray

Judge

 

 

 

 

Judgment
rendered and Memorandum Opinion filed October 5, 2004.

Panel
consists of Justices Edelman, Seymore, and Ray.[3]

Do
Not Publish — Tex. R. App. P.
47.2(b).

 











[1]  A trial court
sends an Allen charge to the jury in an attempt to break a
deadlock.  See Allen v. United States, 164 U.S. 492, 501
(1896).  The charge informs the jurors
that the consequence of a hung jury is a mistrial, that jurors at retrial would
be faced with essentially the same decision, and encourages the jurors to try
to resolve their differences without coercing one another.  Torres v. State, 961 S.W.2d 391, 393
n.1 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).





[2]  The only
difference was the use of the word “indictment” instead of “information” in the
second paragraph.  See Arrevalo,
489 S.W.2d at 571.





[3]  The Honorable
Elizabeth Ray, Judge of the 165th District Court of Harris County, sitting by
assignment pursuant to Tex. Gov’t Code
§ 74.003(h) (Vernon
Supp. 2004).