Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

Nos. 04-10-00342, 343, 344, 345-CR

Alfredo **RAMIREZ**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B-09-320
The Honorable M. Rex Emerson, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:          Catherine Stone, Chief Justice
                 Sandee Bryan Marion, Justice
                 Rebecca Simmons, Justice

Delivered and Filed:  May 4, 2011

AFFIRMED

Appellant Alfredo Ramirez, Jr. appeals his conviction for three counts of aggravated

sexual assault of a child and one count of criminal solicitation of a minor.  He argues that the

trial court erred by denying his *Batson*[1] challenge.  We affirm the trial court's judgment.

---

[1] *See generally Batson v. Kentucky*, 476 U.S. 79 (1986).

## BACKGROUND

Ramirez met the victim in this case, C.C.,[2] on MySpace.com when she was in seventh grade. Ramirez frequently sent C.C. text messages saying that he loved her and wanted to marry her. C.C. and Ramirez had sexual intercourse three times. The State prosecuted Ramirez, and the jury found him guilty. Ramirez appeals each of his convictions.

### *BATSON* CHALLENGE[3]

### A. Applicable Law

The Equal Protection Clause of the Fourteenth Amendment prohibits race-based peremptory strikes. *Batson v. Kentucky*, 476 U.S. 79, 85 (1986); *Guzman v. State*, 85 S.W.3d 242, 245–46 (Tex. Crim. App. 2002). A defendant is entitled to a new trial if even a single venire member is struck "from the jury panel for racial reasons." *Whitsey v. State*, 796 S.W.2d 707, 716 (Tex. Crim. App. 1989) (plurality opinion). A race-based *Batson* challenge by a defendant in a criminal case involves three steps: (1) the defendant must present a prima facie case showing the State's racially discriminatory intent; (2) the burden of production then shifts to the State to offer a race-neutral justification, which the defendant may rebut; and (3) the trial court determines whether the defendant has proved purposeful racial discrimination. *See Batson*, 476 U.S. at 96–98; *Guzman*, 85 S.W.3d at 245–46. The opponent of the strike has the burden to show purposeful racial discrimination. *Batson*, 476 U.S. at 93; *Guzman*, 85 S.W.3d at 246.

To present a prima facie case of racial discrimination, the defendant may show that the "relevant circumstances raise an inference that the prosecutor . . . exclude[d] the veniremen from

---

[2] To protect the privacy of the victim, a minor child, we refer to her by her initials.

[3] The State relies on *Ford v. State*, 1 S.W.3d 691 (Tex. Crim. App. 1999), to argue that Ramirez failed to preserve his *Batson* challenge because he did not specifically claim at trial "that the prosecutor disparately treated similarly situated panelists on the basis of race." We address Ramirez's issue because *Ford* concerns the merits of a *Batson* challenge, not preservation of an issue for appeal.

the petit jury on account of their race." *Batson*, 476 U.S. at 96; *accord Wamget v. State*, 67 S.W.3d 851,857–59 (Tex. Crim. App. 2001).

In response to a prima facie case, the State must offer race-neutral explanations for its strikes. *See Batson*, 476 U.S. at 97; *Guzman*, 85 S.W.3d at 245–46. Factors indicating that the State's explanations are mere pretexts for race-based strikes include: (1) the State's reason for the strike is unrelated to the facts of the case; (2) the State does not question or meaningfully question the venire member; (3) the State disparately treats the venire member struck and other similarly situated venire members; (4) the State asks different questions of the venire member struck than of the other venire members; and (5) the State's explanation was based on a group bias rather than the individual's traits. *Whitsey*, 796 S.W.2d at 713–14; *Johnson v. State*, 959 S.W.2d 284, 290 (Tex. App.—Dallas 1997, pet. ref'd).

We will reverse a trial court's ruling on a *Batson* challenge if it is clearly erroneous. *Hill v. State*, 827 S.W.2d 860, 865 (Tex. Crim. App. 1992). Because pretext for discrimination is a question of fact, we give great deference to the trial court's observation of the attorneys and the prospective jurors and view the record in the light most favorable to the trial court's ruling. *See Gibson v. State*, 144 S.W.3d 530, 534 (Tex. Crim. App. 2004); *Williams v. State*, 804 S.W.2d 95, 101 (Tex. Crim. App. 1991).

**B. Analysis**

Ramirez's sole issue on appeal is that the State impermissibly struck three allegedly Hispanic venire members: Catherine Castillo, Maria Ramos, and Maria Garcia.

*1. Catherine Castillo*

The State does not contest that Ramos and Garcia are Hispanic, but the State disputes Castillo's ethnicity. The State argued before the trial court that although Castillo has a Hispanic

surname, she is ethnically Caucasian. The only evidence of Castillo's ethnicity was her last name, which is not conclusive of her ethnicity. *See Troff v. State*, 882 S.W.2d 905, 908–09 (Tex. App.—Houston [1st Dist.] 1994, writ ref'd). *See generally Wamget*, 67 S.W.3d at 865–66 (Meyers, J., concurring) (discussing surnames and ethnicity). Ramirez had the burden to prove Castillo was Hispanic. *See Batson*, 476 U.S. at 96–98; *Guzman*, 85 S.W.3d at 245–46. The trial court ruled that there were "insufficient grounds" on Ramirez's *Batson* challenge "to make a finding in that area." Because we view the record in the light most favorable to the trial court's ruling, *Williams*, 804 S.W.2d at 101, we accept the trial court's implied finding that Ramirez did not meet his burden as to Catherine Castillo.

### 2. *Maria Garcia & Maria Ramos*

Because the State articulated its reasons for the challenged preemptory strikes before the trial court, we will assume without deciding that Ramirez presented a prima facie case of the State's racially discriminatory intent as to venire members Ramos and Garcia. *See Davis v. State*, 329 S.W.3d 798, 815 (Tex. Crim. App. 2010) (explaining that if the State provides race-neutral explanations for challenged peremptory strikes, the issue of whether the defendant presented a prima facie case becomes moot). We, therefore, turn to whether Ramirez proved the State's race-neutral explanations to be pretexts.

The State explained at the bench conference that it struck Maria Garcia because she was relatively young and had used social networking sites like MySpace and Facebook for several years. Ramirez argues that this explanation is a pretext because the State did not inquire further into this matter and these facts were not relevant to Garcia's qualification as a juror. Ramirez cites no authority and does not argue what further questions the State should have asked Garcia to make its questioning meaningful. Moreover, the State's rationale related to the facts of the

case because Garcia, like C.C., had been an active social networker when she was younger. Consequently, we cannot say that the trial court's ruling on the State's peremptory strike of Garcia was clearly erroneous. *See Grant v. State*, 325 S.W.3d 655, 657 (Tex. Crim. App. 2010); *Whitsey*, 796 S.W.2d at 713–14.

The State explained to the trial court that it struck Maria Ramos because she previously had served on a jury in a case that did not reach the punishment phase. Ramirez argues that the State disparately treated Ramos because two non-Hispanic venire members had also served on juries in cases not reaching the punishment phase.[4] The State asserted that the two other venire members were distinguishable because they, unlike Ramos, demonstrated an interest in the proceedings by participating and voluntarily answering questions posed to the venire. Because the trial judge made credibility determinations based on (1) its observation of the prosecutor during the bench conference, (2) the other two venire members' demonstration of their interest in the proceedings, and (3) Ramos's comparative lack of interest, we cannot say that the trial court's ruling on the State's peremptory strike of Ramos was clearly erroneous. *See Gibson*, 144 S.W.3d at 534; *Whitsey*, 796 S.W.2d at 713–14.

## CONCLUSION

After reviewing the record of voir dire in the light most favorable to the trial court's ruling, we cannot say that the trial court's ruling denying Ramirez's *Batson* challenge was

---

[4] The State argues that Ramirez waived this complaint by failing to make this comparative analysis at the trial court, but the Court of Criminal Appeals has already rejected this contention. *See Young v. State*, 826 S.W.2d 141, 150 (Tex. Crim. App. 1991) ("A comparative analysis is not necessary to apprise the trial court that the defendant is asserting an objection to the State's jury selection based upon *Batson* and thus is not necessary to preserve a *Batson* claim for appellate review.").

clearly erroneous.   Therefore, we overrule Ramirez's sole issue and affirm the trial court's judgment.

Rebecca Simmons, Justice

DO NOT PUBLISH