MEMORANDUM OPINION

 

Nos. 04-10-00342, 343, 344, 345-CR

 

Alfredo Ramirez, Jr.,

Appellant

 

v.

 

The State of Texas,

Appellee

 

From the 198th
Judicial District Court, Kerr County, Texas

Trial Court No. B-09-320

The Honorable M. Rex
Emerson, Judge Presiding

 

Opinion by:   Rebecca Simmons, Justice

 

Sitting:                     Catherine Stone, Chief Justice

Sandee Bryan
Marion, Justice

                     Rebecca
Simmons, Justice

 

Delivered and
Filed:  May 4, 2011

 

AFFIRMED

 

Appellant Alfredo
Ramirez, Jr. appeals his conviction for three counts of aggravated sexual
assault of a child and one count of criminal solicitation of a minor.  He
argues that the trial court erred by denying his Batson[1] challenge.  We affirm the
trial court’s judgment.

Background

           Ramirez met the victim in this case,
C.C.,[2]
on MySpace.com when she was in seventh grade.  Ramirez frequently sent C.C.
text messages saying that he loved her and wanted to marry her.  C.C. and
Ramirez had sexual intercourse three times.  The State prosecuted Ramirez, and
the jury found him guilty.  Ramirez appeals each of his convictions.

Batson Challenge[3]

 

A.  
Applicable Law

           The Equal Protection Clause of the Fourteenth Amendment prohibits
race-based peremptory strikes.  Batson v. Kentucky, 476 U.S.
79, 85 (1986); Guzman v. State, 85 S.W.3d 242, 245–46 (Tex. Crim. App. 2002). 
A defendant is entitled to a new trial if even a single venire member is struck
“from the jury panel for racial reasons.”  Whitsey v. State, 796 S.W.2d
707, 716 (Tex. Crim. App. 1989) (plurality opinion).  A race-based Batson
challenge by a defendant in a criminal case involves three steps: (1) the
defendant must present a prima facie case showing the State’s racially
discriminatory intent; (2) the burden of production then shifts to the State to
offer a race-neutral justification, which the defendant may rebut; and (3) the
trial court determines whether the defendant has proved purposeful racial
discrimination.  See Batson, 476 U.S. at 96–98; Guzman, 85 S.W.3d
at 245–46.  The opponent of the strike has the burden to show purposeful racial
discrimination.  Batson, 476 U.S. at 93; Guzman, 85 S.W.3d at 246. 


To present a prima facie
case of racial discrimination, the defendant may show that the “relevant
circumstances raise an inference that the prosecutor . . . exclude[d] the
veniremen from the petit jury on account of their race.”  Batson, 476
U.S. at 96; accord Wamget v. State, 67 S.W.3d 851,857–59 (Tex. Crim.
App. 2001).  

In response to a prima facie case, the State must
offer race-neutral explanations for its strikes.  See
Batson, 476 U.S. at 97; Guzman, 85 S.W.3d at 245–46.  Factors indicating that the State’s explanations are
mere pretexts for race-based strikes include: (1) the State’s reason for the
strike is unrelated to the facts of the case; (2) the State does not question
or meaningfully question the venire member; (3) the State disparately treats
the venire member struck and other similarly situated venire members; (4) the
State asks different questions of the venire member struck than of the other
venire members; and (5) the State’s explanation was based on a group bias
rather than the individual’s traits.  Whitsey, 796
S.W.2d at 713–14; Johnson v. State, 959 S.W.2d 284, 290 (Tex. App.—Dallas
1997, pet. ref’d). 

We will reverse a trial
court’s ruling on a Batson challenge if it is clearly erroneous.  Hill
v. State, 827 S.W.2d 860, 865 (Tex. Crim. App. 1992).  Because pretext for
discrimination is a question of fact, we give great deference to the trial
court’s observation of the attorneys and the prospective jurors and view the
record in the light most favorable to the trial court’s ruling.  See Gibson
v. State, 144 S.W.3d 530, 534 (Tex. Crim. App. 2004); Williams v. State,
804 S.W.2d 95, 101 (Tex. Crim. App. 1991).  

B.   
Analysis

Ramirez’s sole issue on appeal is that the State impermissibly
struck three allegedly Hispanic venire members: Catherine Castillo, Maria Ramos, and Maria Garcia.  

1.     Catherine Castillo

The State does not
contest that Ramos and Garcia are Hispanic, but the State disputes Castillo’s
ethnicity.  The State argued before the trial court that although Castillo has
a Hispanic surname, she is ethnically Caucasian.  The only evidence of
Castillo’s ethnicity was her last name, which is not conclusive of her
ethnicity.  See Troff v. State, 882 S.W.2d 905, 908–09 (Tex.
App.—Houston [1st Dist.] 1994, writ ref’d).  See generally Wamget, 67
S.W.3d at 865–66 (Meyers, J., concurring) (discussing surnames and ethnicity).  Ramirez
had the burden to prove Castillo was Hispanic.  See Batson, 476 U.S. at
96–98; Guzman, 85 S.W.3d at 245–46.  The trial court ruled that there were
“insufficient grounds” on Ramirez’s Batson challenge “to make a finding
in that area.”  Because we view the record in the light most favorable to the
trial court’s ruling, Williams, 804 S.W.2d at 101, we accept the trial court’s implied finding that Ramirez did not meet
his burden as to Catherine Castillo. 

2.    
Maria Garcia & Maria
Ramos

Because the State articulated
its reasons for the challenged preemptory strikes before the trial court, we
will assume without deciding that Ramirez presented a prima facie case of the
State’s racially discriminatory intent as to venire members Ramos and Garcia.  See
Davis v. State, 329 S.W.3d 798, 815 (Tex. Crim. App. 2010) (explaining that
if the State provides race-neutral explanations for challenged peremptory
strikes, the issue of whether the defendant presented a prima facie case
becomes moot).  We, therefore, turn to whether Ramirez proved the State’s
race-neutral explanations to be pretexts.  

The State explained at
the bench conference that it struck Maria Garcia because she was relatively
young and had used social networking sites like MySpace and Facebook for several
years.  Ramirez argues that this explanation is a pretext because the State did
not inquire further into this matter and these facts were not relevant to
Garcia’s qualification as a juror.  Ramirez cites no authority and does not
argue what further questions the State should have asked Garcia to make its
questioning meaningful.  Moreover, the State’s rationale related to the facts
of the case because Garcia, like C.C., had been an active social networker when
she was younger.  Consequently, we cannot say that the trial court’s ruling on
the State’s peremptory strike of Garcia was clearly erroneous.  See Grant v.
State, 325 S.W.3d 655, 657 (Tex. Crim. App. 2010); Whitsey, 796
S.W.2d at 713–14.

The State explained to
the trial court that it struck Maria Ramos because she previously had served on
a jury in a case that did not reach the punishment phase.  Ramirez argues that
the State disparately treated Ramos because two non-Hispanic venire members had
also served on juries in cases not reaching the punishment phase.[4]  The State asserted that the two
other venire members were distinguishable because they, unlike Ramos,
demonstrated an interest in the proceedings by participating and voluntarily
answering questions posed to the venire.  Because the trial judge made
credibility determinations based on (1) its observation of the prosecutor
during the bench conference, (2) the other two venire members’ demonstration of
their interest in the proceedings, and (3) Ramos’s comparative lack of
interest, we cannot say that the trial court’s ruling on the State’s peremptory
strike of Ramos was clearly erroneous.  See Gibson, 144 S.W.3d at 534; Whitsey,
796 S.W.2d at 713–14.  

Conclusion

           After reviewing the record of voir dire
in the light most favorable to the trial court’s ruling, we cannot say that the
trial court’s ruling denying Ramirez’s Batson challenge was


clearly erroneous.  Therefore, we overrule Ramirez’s sole issue and affirm the trial
court’s judgment.  

 

Rebecca Simmons, Justice

 

DO NOT PUBLISH

 









[1]
See generally Batson v. Kentucky, 476 U.S. 79 (1986). 





[2]
To protect the privacy of the victim, a minor child, we refer to her by her
initials.





[3]
The State relies on Ford v. State, 1 S.W.3d 691 (Tex. Crim. App. 1999),
to argue that Ramirez failed to preserve his Batson challenge
because he did not specifically claim at trial “that the prosecutor disparately
treated similarly situated panelists on the basis of race.”  We address
Ramirez’s issue because Ford concerns the merits of a Batson
challenge, not preservation of an issue for appeal.  





[4]
The State argues that Ramirez waived this complaint by failing to make this
comparative analysis at the trial court, but the Court of Criminal Appeals has
already rejected this contention.  See Young v. State, 826 S.W.2d 141,
150 (Tex. Crim. App. 1991) (“A comparative analysis is not necessary to apprise
the trial court that the defendant is asserting an objection to the State’s jury
selection based upon Batson and thus is not necessary to preserve a Batson
claim for appellate review.”).