Robert Ray **REYNOSA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–97–00878–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 29, 1999.

---

Sam Adamo, Houston, for Appellant.

John B. Holmes, Eric Kugler, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER, and Justices O'CONNOR and TAFT.

## OPINION

TAFT, Justice.

A jury found appellant, Robert Ray Reynosa, guilty of driving while intoxicated. The trial court sentenced appellant to 30 days in jail, and assessed a $500 fine. We address whether the trial court erred by: (1) failing to instruct the jury to disregard incriminating evidence if the evidence was obtained in violation of the law; and (2) making an affirmative finding that an open container of an alcoholic beverage was in appellant's immediate possession, in the passenger compartment of his vehicle. We affirm the judgment as reformed.

## Facts

Houston Police Officers David Russell and Epifanio Garza were on patrol when they saw appellant fail to stop at a stop sign. As the officers began following appellant's vehicle, they saw appellant accelerate to 10 miles-per-hour over the posted speed limit, and swerve across his lane's dividing line and then back into his lane. Upon stopping appellant, Officer Garza approached appellant's vehicle and observed a 16–ounce bottle of Budweiser Light beer in the passenger compartment.

## Jury Charge

In his first point of error, appellant contends the trial court erred by refusing to instruct the jury to disregard incriminating evidence used against the defendant if the evidence was obtained in violation of the law. Appellant argued that the officers unlawfully pulled appellant over and that the jury should therefore have been instructed to disregard all evidence gathered as a result of the officers' unlawful detention.

■■■ Upon request by a criminal defendant, evidence obtained in violation of the law must be excluded from the jury's consideration. *Atkinson v. State,* 923 S.W.2d 21, 23 (Tex.Crim.App.1996). When the evidence is inadmissible purely as a matter of law, the judge should withhold it from the jury altogether. *Id.* However, when there are disputed issues of fact affecting the legality of seizure, the question of exclusion may be tried to the jury. *Id.* In such a case, the judge must instruct the jury that "if it believes, or has a reasonable doubt, that the evidence was ob-

tained in violation of ... any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, ... then and in such event, the jury shall disregard any such evidence so obtained."[1] TEX. CODE CRIM. P. ANN. art. 38.23(a) (Vernon 1979).

■ In the present case, appellant argues a fact issue exists regarding the officers' probable cause to stop appellant, specifically, whether he stopped at the stop sign. In support of this argument, appellant relies on his testimony that, in his opinion, he did not run the stop sign. Assuming appellant's testimony was sufficient to raise a fact issue concerning whether he stopped at the stop sign, there was still no fact issue as to whether appellant committed the other traffic violations that justified the officers' stop, specifically, speeding and failing to remain in a single traffic lane. Therefore, no article 38.23 instruction was necessary. *See Withers v. State*, 902 S.W.2d 122, 125 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd) (holding trial court properly denied defendant's request for an article 38.23 instruction when no fact issue was raised as to how the evidence in question was obtained); *cf. Arevalo v. State*, 970 S.W.2d 547, 549 (Tex. Crim.App.1998) (holding that before a jury instruction on a lesser included offense is justified, there must be evidence raising a fact issue regarding the defendant's guilt under all alleged theories of committing the charged offense).

We overrule appellant's first point of error.

## Open Container

In his second point of error, appellant complains the trial court erred by finding that there was an "open container in the vehicle." Appellant argues there is no evidence to support the trial court's finding.

## A. Standard of Review

■ When we review the legal sufficiency of the evidence to support a trial court's affirmative finding, we apply the same standard as when reviewing the legal sufficiency of the evidence to support a defendant's conviction. *See Troff v. State*, 882 S.W.2d 905, 909 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (applying, in the context of a trial court's open container finding, the standard of review for the legal sufficiency of the evidence to support a defendant's conviction).

## B. Analysis

■ The Texas Penal Code provides as follows: "if it is shown on the trial of an offense under this section that at the time of the offense the person driving or operating the motor vehicle had an open container of alcohol in the person's immediate possession, the offense is a Class B misdemeanor, with a minimum term of confinement of six days." TEX. PEN. CODE ANN. § 49.04(c) (Vernon 1994). Based on the trial court's affirmative finding of an open container, appellant was sentenced to six days in jail, with credit for time served (two days), as a term of community supervision.

The record contains no evidence that the container found in appellant's vehicle was *open*. The strongest evidence for this finding is in the following questioning of Officer Garza by the prosecutor:

Q. Now, the Budweiser, what did you do with the bottle?

A. I can't recall.

Q. Do y'all save those and have a big room where you put all *these half-empty beers?* What do y'all do with that?

A. It depends. I mean if it's empty beer and it's really not worth any-

1. To better effectuate the legislature's intent, we suggest the following instruction: "If you believe that the evidence was obtained in violation of [the law], or if you have a reasonable doubt that the evidence was obtained lawfully, you shall disregard any such evidence so obtained."

thing we sometimes just let them tow it with the car, if the car gets towed by the wrecker, just leave it there.

(emphasis added). The officer did not confirm the prosecutor's suggestion that a half-empty beer bottle was present in appellant's vehicle. While discussion of the bottle of beer found in appellant's vehicle appears throughout the record, no evidence shows the bottle was *open*.

After reviewing the evidence in the light most favorable to the verdict, we conclude the evidence was not legally sufficient for the trial court to have found that appellant's vehicle contained an open container.

We sustain appellant's second point of error.

### Conclusion

Having sustained appellant's second point of error, we reform the trial court's judgment to: (1) delete its finding that an open container was present in appellant's vehicle; and (2) delete the condition of community supervision that appellant serve six days in jail. As reformed, we affirm the judgment of the trial court.