Opinion filed July 15,
2010

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00025-CR 

                                                    __________

 

                                         MARK
HAGA, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                            On
Appeal from the County Criminal Court No. 7

 

                                                          Tarrant
County, Texas

 

                                                    Trial
Court Cause No. 0960934

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted Mark Haga of a Class B misdemeanor offense of driving while
intoxicated.  Pursuant to a plea bargain agreement reached after the jury
returned its verdict, the trial court assessed punishment at confinement for
ninety days in the Tarrant County Jail and a fine of $550.  Following the terms
of the agreement, the trial court suspended the imposition of the sentence and
placed appellant on community supervision for two years.  We affirm.

            On
December 30, 2004, at about 1:00 a.m., Fort Worth Police Sergeant Weldon Norman
observed the tractor part of an eighteen-wheeler in front of him on I-35. 
Appellant was driving the truck.  Sergeant Norman testified that appellant
failed to drive the truck in a single-marked lane and that the truck kept
weaving.  Sergeant Norman said that appellant weaved over onto the shoulder of
the highway a number of times.  He also said that appellant failed to turn on
his turn signal prior to making lane changes and that, therefore, appellant was
not complying with the law.  Sergeant Norman testified that he stopped
appellant for failing to drive in a single-marked lane.  Appellant was
ultimately arrested for suspicion of driving while intoxicated.

            In
his sole point of error, appellant contends that the trial court erred by
refusing his request that the jury be instructed under Article 38.23 of the
Code of Criminal Procedure regarding the legality of the traffic stop.  See
Tex. Code Crim. Proc. Ann. art. 38.23
(Vernon 2005).  Appellant requested the following instruction:

In this case, if you
find from the evidence beyond a reasonable doubt that the police officer
observed the offense of failure to maintain a single lane, you may consider the
evidence obtained as a result of detention.  If you do not so find or if you
have a reasonable doubt, you must disregard the evidence obtained as a result
of the detention and find the defendant not guilty.

 

            Article
38.23(a) provides that “[n]o evidence obtained by an officer or other person in
violation of any provisions of the Constitution or laws of the State of Texas,
or of the Constitution or laws of the United States of America, shall be
admitted in evidence against the accused on the trial of any criminal case.” 
Article 38.23(a) further provides that, in cases where the evidence raises an issue,
“the jury shall be instructed that if it believes, or has a reasonable doubt,
that the evidence was obtained in violation of the provisions of this Article,
then and in such event, the jury shall disregard any such evidence so obtained.”

            A
defendant’s right to the submission of a jury instruction under Article
38.23(a) is limited to disputed issues of fact that are material to a claim of
a constitutional or statutory violation that would render evidence
inadmissible.  Madden v. State, 242 S.W.3d 504, 509-10 (Tex. Crim. App.
2007).  A defendant must meet three requirements before being entitled to the
submission of a jury instruction under Article 38.23(a):  (1) the evidence
heard by the jury must raise an issue of fact; (2) the evidence on that fact
must be affirmatively contested; and (3) the contested factual issue must be
material to the lawfulness of the challenged conduct in obtaining the
evidence.  Id. at 510.  If there is no disputed factual issue, the
legality of the conduct is determined by the trial court alone, as a question
of law.  Id.  And if other facts, not in dispute, are sufficient to
support the lawfulness of the challenged conduct, then the disputed fact issue
is not submitted to the jury because it is not material to the ultimate
admissibility of the evidence.  Id.  The disputed fact must be an
essential one in deciding the lawfulness of the challenged conduct.  Id.
at 511.

            Sergeant
Norman testified that appellant failed to drive his truck in a single-marked
lane.  See Tex. Transp. Code Ann.
§ 545.060(a) (Vernon 1999).  Appellant testified that he thought he was not
weaving and was keeping his truck “between the lines in a steady position.”  Appellant
contends that his testimony disputed Sergeant Norman’s testimony that he failed
to drive his truck in a single-marked lane.  Based on the conflicting
testimony, appellant asserts that the evidence raised a fact issue as to
whether he failed to drive his truck in a single-marked lane and that,
therefore, he was entitled to the submission of a jury instruction under
Article 38.23.

            However,
Sergeant Norman also testified that appellant failed to turn on his turn signal
prior to making lane changes.  Section 545.104(a) of the Transportation Code
requires a driver to signal an intention to change lanes.  See Tex. Transp. Code Ann. § 545.104(a)
(Vernon 1999).  The purpose of signaling an intention to make a lane change is
to alert other drivers to the intended movement.  Coleman v. State, 188
S.W.3d 708, 716 (Tex. App.—Tyler 2005, pet. ref’d).  Sergeant Norman testified
that, when making lane changes, appellant used his turn signal “at some point”
but that he failed to comply with the law because he did not turn on his signal
prior to making the lane changes.  The State introduced the video of the stop
into evidence, and it was played for the jury.  The video is consistent with
Sergeant Norman’s testimony.  The video shows that appellant changed lanes a
number of times and that, on at least two occasions, he crossed the lane-dividing
line with part of his truck before activating his turn signal.  Because appellant
did not signal his intention to change lanes before crossing the line, he
violated Section 545.104(a).  Therefore, Sergeant Norman had probable cause to
stop him.  Coleman, 188 S.W.3d at 717.

            Appellant’s
failure to signal an intention to change lanes justified the stop.  No evidence
contested Sergeant Norman’s testimony on this issue.  Therefore, even if
appellant’s testimony raised a fact issue as to whether he failed to drive his
truck in a single lane, the evidence did not raise a fact issue as to whether
he failed to signal an intention to change lanes.  Under these circumstances,
appellant was not entitled to the submission of an Article 38.23 jury
instruction.  Madden, 242 S.W.3d at 510; see also Reynosa v.
State, 996 S.W.2d 238, 240 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (Assuming
that the defendant’s testimony raised a fact issue as to whether he stopped at
a stop sign, the evidence did not raise a fact issue as to whether he committed
traffic violations of speeding and failing to remain in a single traffic lane;
therefore, no Article 38.23 instruction was required.).

            The
trial court did not err in refusing to submit appellant’s requested jury
charge.  Appellant’s point of error is overruled.

            The
judgment of the trial court is affirmed.

 

 

                                                                                    TERRY
McCALL  

                                                                                    JUSTICE

 

July 15, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.