**Opinion filed July 15, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00025-CR

_____

## MARK HAGA, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 7**

**Tarrant County, Texas**

**Trial Court Cause No. 0960934**

## M E M O R A N D U M   O P I N I O N

The jury convicted Mark Haga of a Class B misdemeanor offense of driving while intoxicated. Pursuant to a plea bargain agreement reached after the jury returned its verdict, the trial court assessed punishment at confinement for ninety days in the Tarrant County Jail and a fine of $550. Following the terms of the agreement, the trial court suspended the imposition of the sentence and placed appellant on community supervision for two years. We affirm.

On December 30, 2004, at about 1:00 a.m., Fort Worth Police Sergeant Weldon Norman observed the tractor part of an eighteen-wheeler in front of him on I-35. Appellant was driving

the truck. Sergeant Norman testified that appellant failed to drive the truck in a single-marked lane and that the truck kept weaving. Sergeant Norman said that appellant weaved over onto the shoulder of the highway a number of times. He also said that appellant failed to turn on his turn signal prior to making lane changes and that, therefore, appellant was not complying with the law. Sergeant Norman testified that he stopped appellant for failing to drive in a single-marked lane. Appellant was ultimately arrested for suspicion of driving while intoxicated.

In his sole point of error, appellant contends that the trial court erred by refusing his request that the jury be instructed under Article 38.23 of the Code of Criminal Procedure regarding the legality of the traffic stop. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005). Appellant requested the following instruction:

> In this case, if you find from the evidence beyond a reasonable doubt that the police officer observed the offense of failure to maintain a single lane, you may consider the evidence obtained as a result of detention. If you do not so find or if you have a reasonable doubt, you must disregard the evidence obtained as a result of the detention and find the defendant not guilty.

Article 38.23(a) provides that "[n]o evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." Article 38.23(a) further provides that, in cases where the evidence raises an issue, "the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

A defendant's right to the submission of a jury instruction under Article 38.23(a) is limited to disputed issues of fact that are material to a claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509-10 (Tex. Crim. App. 2007). A defendant must meet three requirements before being entitled to the submission of a jury instruction under Article 38.23(a): (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Id.* at 510. If there is no disputed factual issue, the legality of the conduct is determined by the trial court alone, as a question of law. *Id.* And if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is

2

not submitted to the jury because it is not material to the ultimate admissibility of the evidence. *Id.* The disputed fact must be an essential one in deciding the lawfulness of the challenged conduct. *Id.* at 511.

Sergeant Norman testified that appellant failed to drive his truck in a single-marked lane. *See* TEX. TRANSP. CODE ANN. § 545.060(a) (Vernon 1999). Appellant testified that he thought he was not weaving and was keeping his truck "between the lines in a steady position." Appellant contends that his testimony disputed Sergeant Norman's testimony that he failed to drive his truck in a single-marked lane. Based on the conflicting testimony, appellant asserts that the evidence raised a fact issue as to whether he failed to drive his truck in a single-marked lane and that, therefore, he was entitled to the submission of a jury instruction under Article 38.23.

However, Sergeant Norman also testified that appellant failed to turn on his turn signal prior to making lane changes. Section 545.104(a) of the Transportation Code requires a driver to signal an intention to change lanes. *See* TEX. TRANSP. CODE ANN. § 545.104(a) (Vernon 1999). The purpose of signaling an intention to make a lane change is to alert other drivers to the intended movement. *Coleman v. State*, 188 S.W.3d 708, 716 (Tex. App.—Tyler 2005, pet. ref'd). Sergeant Norman testified that, when making lane changes, appellant used his turn signal "at some point" but that he failed to comply with the law because he did not turn on his signal prior to making the lane changes. The State introduced the video of the stop into evidence, and it was played for the jury. The video is consistent with Sergeant Norman's testimony. The video shows that appellant changed lanes a number of times and that, on at least two occasions, he crossed the lane-dividing line with part of his truck before activating his turn signal. Because appellant did not signal his intention to change lanes before crossing the line, he violated Section 545.104(a). Therefore, Sergeant Norman had probable cause to stop him. *Coleman*, 188 S.W.3d at 717.

Appellant's failure to signal an intention to change lanes justified the stop. No evidence contested Sergeant Norman's testimony on this issue. Therefore, even if appellant's testimony raised a fact issue as to whether he failed to drive his truck in a single lane, the evidence did not raise a fact issue as to whether he failed to signal an intention to change lanes. Under these circumstances, appellant was not entitled to the submission of an Article 38.23 jury instruction. *Madden*, 242 S.W.3d at 510; *see also Reynosa v. State*, 996 S.W.2d 238, 240 (Tex. App.— Houston [1st Dist.] 1999, no pet.) (Assuming that the defendant's testimony raised a fact issue as

to whether he stopped at a stop sign, the evidence did not raise a fact issue as to whether he committed traffic violations of speeding and failing to remain in a single traffic lane; therefore, no Article 38.23 instruction was required.).

The trial court did not err in refusing to submit appellant's requested jury charge. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


July 15, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.