NO. 07-10-0474-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 23, 2012

_____

ALEXANDER LYSSY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF GARZA COUNTY;

NO. 10555; HONORABLE LEE NORMAN, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Alexander Lyssy, was convicted by a jury of boating while intoxicated, a Class B misdemeanor.[1] He was sentenced to 180 days confinement and fined $2000. On appeal, he asserts the trial court erred by (1) failing to give an article 38.23 jury instruction;[2] (2) denying him the opportunity to testify why he refused a breath test; and

---

[1]*See* Tex. Penal Code Ann. § 49.06 (West 2011).

[2]*See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005). Throughout the remainder of this opinion, we will cite to provisions of the Texas Code of Criminal Procedure as "article ___" or "art. ___."

(3) making an improper statement to the jury that prejudiced him. We affirm the conviction and reverse and remand as to punishment.

## BACKGROUND

Appellant was arrested at Lake Alan Henry, in Garza County, Texas, by Game Wardens Brent Tucker and Matthew Cruse on suspicion of boating while intoxicated. At trial, Warden Tucker testified that he stopped Appellant for operating a "jet ski"[3] after sunset.[4] Appellant disputed that testimony contending that, at the time of his arrest, he "could still see the sun." After his arrest, Appellant was read a statutory warning concerning his rights and was then asked to give a sample of his breath for the purpose of testing its blood alcohol content. Appellant denied that request. As a result of that denial, proceedings were subsequently initiated by the Texas Department of Public Safety to suspend Appellant's driver's license. In that proceeding, the Administrative Law Judge ("ALJ") determined that Warden Tucker did not have probable cause to stop Appellant. Resultantly, Appellant's driver's license was not suspended.

Prior to trial, Appellant's counsel requested an order prohibiting the State from arguing that his refusal to take a breath test was evidence of intoxication unless the defense was going to be equally able to argue that his refusal was based upon his

---

[3]"Jet Ski" is a trademark registered with the United States Patent and Trademark Office. It is the brand name of a personal watercraft manufactured by Kawasaki Heavy Industries, Ltd.

[4]While the term "sunset" is not defined by statute, the United States Naval Observatory defines it as that moment when the center of the sun is 50 minutes of arc below the horizon. Because the angular diameter of the sun is approximately 32 arc minutes, at the moment of sunset the upper limb of the sun is below the horizon. Due to atmospheric refraction, for an observer at sea level with a level, unobstructed horizon, under average atmospheric conditions, the upper limb of the sun will then appear to be tangent to the horizon. *See* http://www.usno.navy.mil/USNO (last visited August 21, 2012).

2

desire to litigate before the ALJ the issue of probable cause to stop.  Appellant's request was denied.  Resultantly, the State was allowed to argue that Appellant's refusal to take a breath test was evidence of intoxication and Appellant was denied the opportunity to opine that his reason was otherwise.

Prior to the submission of the court's charge on guilt/innocence, Appellant requested the submission of an article 38.23 instruction on the issue of Warden Tucker's probable cause to initiate a stop.  That request was denied and Appellant was subsequently convicted.

During guilt/innocence and the first day of the punishment phase of trial, Appellant was represented by Everett Seymore and Joel Cook.  On day two of the punishment phase, Appellant was represented solely by Joel Cook.[5]  In the presence of the jury, proceedings commenced as follows:

> THE COURT: We will call the court back into session.  The first item Mr. Seymore is not present, which the court doesn't appreciate.  We have a trial going on and his dilatory and objectionable responses of the last day or two have delayed this proceeding beyond what I think is reasonable and appropriate.
>
> So from this point on objections will be noted for the record.  We will take judicial notice of. (sic)  We are going to proceed in the interest of justice and in the interest of this court.  And for the consideration of the jurors so they may get to their deliberations.
>
> MR. COOK:  Judge, at this time, I would just like the record reflect, I'm lodging an objection at this point.

Following that exchange, additional punishment witnesses, including Appellant, were presented.  Appellant testified as to his eligibility for community supervision, his

---

[5]Although the record does not formally reflect why Mr. Seymore was not present, Mr. Cook's closing argument does contain an apology to the jury for Mr. Seymore's absence due to his being "in Federal Court."

past experiences with alcohol related offenses, his current circumstances, and his desire for community supervision. After being duly charged by the Court, the jury returned the maximum punishment allowed by law. Even though the jury found him to be eligible for community supervision, the jury did not recommend that his sentence be suspended. Following sentencing, Appellant timely filed a notice of appeal.

## 38.23 INSTRUCTION

By his first issue, Appellant contends the trial court erred in overruling his objection to the charge of the court and his request for an instruction under article 38.23 because there was a factual dispute as to whether probable cause existed to support his arrest and, therefore, the legality of the subsequent discovery and seizure of evidence of intoxication. Specifically, he contends there was a factual dispute as to whether his operation of the personal watercraft was after sunset.[6] We find the trial court did not err in denying the requested instruction.

### APPLICABLE LAW

Article 38.23 provides, in relevant part as follows:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence obtained.

---

[6]*See* Tex. Parks & Wild. Code Ann. § 31.106(a)(3) (West Supp. 2012) (providing that no person shall operate a personal watercraft "during the period between sunset and sunrise . . . .")

4

A jury instruction under article 38.23(a) is required only when there is a factual dispute concerning the legality of the seizure of evidence. *Garza v. State*, 126 S.W.3d 79, 85 (Tex.Crim.App. 2004), citing, *Thomas v. State*, 723 S.W.2d 696, 708 (Tex.Crim.App. 1986); *Pierce v. State,* 32 S.W.3d 247, 251 (Tex.Crim.App. 2000) (finding a factual issue exists when there is evidence that controverts testimony of the officer that established probable cause leading up to the arrest). A fact issue may be raised from any source and it does not matter whether the evidence is strong, weak, contradicted, unimpeached, or unbelievable. *Garza,* 126 S.W.3d at 85.

To be entitled to the submission of a jury instruction under article 38.23(a), the contested fact issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *See Madden v.* State, 242 S.W.3d 504, 517 (Tex.Crim.App. 2007) (holding that "if [the disputed fact] is not a fact that is crucial to a legal finding of reasonable suspicion, then that disputed fact issue need not be submitted to the jury"). *See also Reynosa v. State,* 996 S.W.2d 238, 240 (Tex.App.--Houston [1st Dist.] 1999, no pet.) (no instruction required when defendant disputed only one of several stated bases for stop); *Crunk v. State*, 934 S.W.2d 788, 794-95 (Tex.App.--Houston [14th dist.] 1996, pet. ref'd) (article 38.23(a) instruction not required when jury's resolution of disputed fact issue would not render evidence inadmissible).

### ANALYSIS

While a factual dispute did exist as to whether Appellant was operating the personal watercraft after sunset, that fact is of no consequence to the ultimate admissibility of evidence of his intoxication because he does not dispute Warden

5

Tucker's other stated reasons for stopping him. Specifically, Warden Tucker testified that Appellant was on a personal watercraft and doing donuts and jumping the wake of another moving boat in a dangerous manner.[7] Because those undisputed facts are sufficient to establish reasonable suspicion to stop, resolution of whether Appellant's operation of the personal watercraft was before or after sunset would be immaterial. Issue one is overruled.

## BREATH TEST

Appellant next asserts the trial court erred by not permitting Appellant to testify that he refused a breath test because he wanted to have an administrative hearing on his license suspension.[8] Assuming, without deciding, that the trial court erred, we find that any error was harmless.

### APPLICABLE LAW

Because trial courts are in the best position to decide substantive admissibility questions, we review a trial court's decision to admit or exclude evidence for abuse of discretion; *Davis v.* State, 329 S.W.3d 798, 807 (Tex.Crim.App. 2010), and will uphold a trial court's ruling on admissibility of evidence as long as the trial court's ruling was at least within the zone of reasonable disagreement. *Weathered v. State*, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). *See Hernandez v. State*, 205 S.W.3d 555, 558 (Tex.App.--

---

[7]*See* Tex. Parks & Wild. Code Ann. § 31.106(a)(8) (West Supp. 2012) (providing that no person shall operate a personal watercraft "by jumping the wake of another vessel recklessly or unnecessarily close to that vessel . . . .")

[8]On appeal, Appellant concedes, and we agree, that there is a clear difference between the decision of the ALJ to not suspend his license and his desire to not give a breath sample because he believed he was entitled to a hearing concerning Warden Tucker's probable cause to stop him. The trial court's decision to disallow this testimony may, in part, be attributable to the fact that Appellant failed to make this distinction clear in the record concerning his proffered testimony.

Amarillo 2006, pet. ref'd). If a trial court errs in admitting evidence, we must next determine whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997) (citing *Kotteakos v. State*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed.2d 1557 (1946)). An error that has no influence or only a slight influence on the verdict is harmless. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998).

## ANALYSIS

Warden Tucker testified that, after he activated his red and blue lights, Appellant continued to operate his personal watercraft doing donuts in the water close to the boat that was accompanying him when he was stopped. Warden Cruse testified that he had to holler for approximately thirty-five to forty seconds to get Appellant's attention. Warden Tucker also testified that, when he first came into contact with Appellant, he smelled a strong odor of alcohol on Appellant's breath and his eyes were glassy. Warden Tucker performed the Horizontal Gaze Nystagmus test twice on Appellant after stopping him, once on his boat and once ashore at a fire station, and twice Appellant showed six out of six clues for intoxication. Appellant testified he had five to six or more beers during the seven hours he was at the lake and drank his last beer at 8:00 or 8:30 p.m. Appellant's blood test, taken later in the evening, indicated his blood sample contained 0.22 grams of alcohol per 100 milliliters of blood or almost three times the legal limit of .08. Given the weight of the evidence as a whole, we cannot say that an error, if any, in failing to permit Appellant to testify that he refused the breath test because he wanted to have an administrative hearing had a substantial and injurious

7

effect or influence in determining the jury's verdict. Appellant's second issue is overruled.

**TRIAL COURT'S STATEMENT TO THE JURY**

By his third and final issue, Appellant asserts the trial court's comments made during the punishment phase of trial made it impossible for him to receive a fair verdict from the jury because they were unfairly biased by the trial court's assertion that his defense counsel had wasted the time of the trial court and, therefore, presumably the jury. He asserts the injurious effect or influence of the trial court's comments was manifested by the jury's imposition of the maximum punishment possible and by their rejection of his application for community supervision, despite his eligibility.

**APPLICABLE LAW**

In Texas, a trial judge must refrain from making any remark calculated to convey to the jury his opinion of the case. *Brown v. State*, 122 S.W.3d 794, 798 (Tex.Crim.App. 2003). Article 38.05 of the Texas Code of Criminal Procedure provides:

> In ruling on the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

This is so because jurors are prone to readily seize upon the conduct or language of the trial judge and interpret the same as shedding some light upon his view of the merits of the issues involved. *Id.*; *Papalia v. United States*, 243 F.2d 437, 442 (5th Cir. 1975) (holding that trial judges "must not only refrain from actions which are

8

prejudicial but as well those which do or might give such impression to a jury of laymen whose awesome respect for the institution of the judge leads them to accord great and perhaps, decisive significance to his every word or intimation . . . .")

To constitute reversible error in violation of article 38.05, the comment in question must be such that it is reasonably calculated to benefit the State or prejudice the rights of the defendant. *Becknell v. State,* 720 S.W.2d 526, 531 (Tex.Crim.App. 1986). An inappropriate comment is to be considered from the jury's point of view. *Kincade v. State,* 552 S.W.2d 832, 835 (Tex.Crim.App. 1977). To determine whether a comment is either reasonably calculated to benefit the State or prejudice the defendant, an appellate court must first determine whether the trial judge's statement was material to the case. *Burge v. State*, 443 S.W.2d 720, 724 (Tex.Crim.App. 1969); *Jones v. State*, 2003 Tex. App. LEXIS 10329, at *17 (Tex.App.—Austin Dec. 11, 2003, pet. ref'd). A statement is material if it: (1) implies approval of the State's argument, (2) indicates any disbelief in the defense's position, or (3) diminishes the credibility of the defense's approach to the case. *Id.*

### ANALYSIS

At the beginning of day two of the punishment phase of this trial, in the presence of the jury and with defense counsel present and ready to proceed, the trial court noted that Appellant's lead counsel was absent "which the court [didn't] appreciate" and that "his dilatory and objectionable responses of the last day or two" had delayed the trial "beyond what [he thought was] reasonable and appropriate." In response to counsel's

objections to those comments, the trial judge denied his request to address the issue outside the presence of the jury.

Because a trial judge has broad discretion in maintaining control and expediting a trial, irritation directed towards dilatory tactics of a defense attorney normally does not constitute reversible error. *Jasper v. State*, 61 S.W.3d 413, 421 (Tex.Crim.App. 2001). Here, however, because counsel was present and ready to proceed, there were no dilatory tactics being employed at that time. The trial judge's comments were purely gratuitous and they were made at a time when the jury was about to hear from Appellant and decide that issue where the greatest latitude in discretion is allowed -- punishment. There was no indication that lead counsel's absence had delayed the trial in any way and it is difficult, if not impossible, to determine how such comments could have had anything but a negative impact on the jury's punishment decision. As viewed from the jury's perspective, we find the trial judge's comments were reasonably calculated to prejudice the jury against Appellant, thereby denying him a fair trial. Appellant's third issue is sustained.

## CONCLUSION

Because the basis of the error occurred solely during the punishment phase of trial, the judgment of conviction is affirmed and the trial court's judgment is reversed as to punishment only and the cause is remanded to the trial court for further proceedings consistent with this opinion. Tex. Code Crim. Proc. Ann. article 44.29(b) (West Supp. 2012).

Patrick A. Pirtle
Justice

Do not publish.

10