

NUMBER 13-13-00275-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**NARCISO DOMINGUEZ JR.,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                            **Appellee.**

### On appeal from the 197th District Court of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides and Perkes
### Memorandum Opinion by Justice Garza

A jury convicted appellant, Narciso Dominguez Jr., of the state-jail felony offense of possession of less than one gram of cocaine, *see* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D) (West, Westlaw through 2013 3d C.S.), 481.115(a), (b) (West, Westlaw

through 2013 3d C.S.), and assessed punishment at one year of confinement in a state-jail facility and a $1,000.00 fine. *See* TEX. PENAL CODE ANN. § 12.35(a), (b) (West, Westlaw through 2013 3d C.S.). By three issues, appellant contends: (1) the evidence is insufficient to support his conviction; (2) the trial court erred in refusing to instruct the jury to disregard evidence gathered in violation of the constitution or any statute, *see* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West, Westlaw through 2013 3d C.S.); and (3) the trial court erred in refusing to instruct the jury that parole does not apply to state jail felonies. We affirm.

## I. BACKGROUND

Jose Alberto Lucio, a state trooper with the Department of Public Safety, testified that, in the early morning hours of December 24, 2011, he observed appellant driving on and off the improved shoulder of a road in Cameron County, Texas. Trooper Lucio activated his emergency lights and stopped appellant's vehicle. When Trooper Lucio approached the driver's side window, he noticed that appellant's eyes were red and watery, his speech was slurred, and there was a strong odor of alcohol coming from appellant's breath. Trooper Lucio performed two field sobriety tests, the horizontal gaze nystagmus test and walk-and-turn test. Appellant "failed" both tests. Appellant also provided a breath sample, which reflected that his blood alcohol concentration was over the legal limit. Trooper Lucio advised appellant that he was under arrest for driving while intoxicated, handcuffed him, and drove him to the City of Brownsville jail facility. A video recording of the traffic stop and appellant's arrest was shown to the jury and admitted into evidence. A second trooper arrived to inventory appellant's vehicle.

Upon arriving at the Brownsville City Jail, appellant told Trooper Lucio that he was

in possession of a "joint." The jailers inventoried the contents of appellant's clothing and discovered a packet containing a green leafy substance and another packet containing a white powdery substance. Upon the discovery of these items, appellant stated that he was "a simple junkie."

Antonio Martinez, a booking officer at the Brownsville City Jail, testified that he conducted a patdown of appellant at the jail. Over defense counsel's objection, Officer Martinez testified that he asked appellant if he had any drugs or weapons; appellant responded that he had marijuana and was a "junkie." Officer Martinez found two clear plastic bags in appellant's pockets, one containing a green leafy substance and the other containing a white powdery substance.

Samantha Morales, a forensic scientist with the Texas Department of Public Safety, testified that she tested the white powdery substance in the baggie taken from appellant's pockets, and identified it as cocaine.

At the conclusion of the evidence, defense counsel moved for a mistrial and directed verdict on grounds that there was an absence of probable cause to support the arrest, the drug evidence was improperly admitted, and without the improperly admitted evidence, the evidence was insufficient to support appellant's conviction. The trial court denied both motions.

In closing argument, defense counsel argued that Trooper Lucio lacked probable cause for the initial stop of appellant's vehicle. Counsel argued that the reason given by Trooper Lucio—that appellant was driving on the shoulder of the road—was a "pretext," and that the evidence gathered pursuant to the stop was therefore improperly admitted.

## II. SUFFICIENCY OF THE EVIDENCE

3

By his first issue, appellant contends the evidence is insufficient to support his conviction. Specifically, appellant argues that the cocaine evidence was improperly admitted because Trooper Lucio lacked sufficient reason to stop appellant's vehicle. Appellant argues that Trooper Lucio decided to stop appellant's vehicle before he had any opportunity to observe appellant driving on the shoulder of the road.

In a sufficiency review, courts examine the evidence in the light most favorable to the verdict to determine whether "any rational fact finder could have found guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plural. op.) ("[T]he *Jackson* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt."). This standard requires reviewing courts to resolve any evidentiary inconsistencies in favor of the judgment, keeping in mind that the jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to give their testimony. *Brooks*, 323 S.W.3d at 899; *see* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West, Westlaw through 2013 3d C.S.) ("The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony. . . ."). Appellate courts do not re-evaluate the weight and credibility of the evidence; they only ensure that the fact finder reached a rational decision. *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). A fact finder may support its verdict with reasonable inferences drawn from the evidence, and it is up to the fact finder to decide which inference is most reasonable. *Id.* at 523.

Legal sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327; *see Malik*, 953 S.W.2d at 240. Here, to prove unlawful possession of a controlled substance, the State was required to show that appellant (1) exercised care, control, and management over the controlled substance and (2) knew it was a controlled substance. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *see* TEX. HEALTH & SAFETY CODE ANN. § 481.115. In our review of the record, we "may determine only if any rational trier of fact could have—based on all of the evidence admitted at trial (including any unobjected-to hearsay)—found the essential elements of the offense beyond a reasonable doubt." *Poindexter*, 153 S.W.3d at 406–07.

Appellant argues that Trooper Lucio made the decision to stop appellant before he had any opportunity to observe appellant driving on the improved shoulder of the road. In support, appellant points to the video recording of the stop, which begins with Trooper Lucio's vehicle driving before appellant's vehicle is visible. However, on cross-examination, defense counsel asked Trooper Lucio directly whether he had decided to stop appellant's vehicle when he was still some distance away. Trooper Lucio said he had not made that determination. Trooper Lucio testified that the video camera in his vehicle records constantly, but preserves only two minutes of video prior to a stop. On

5

direct examination, Trooper Lucio stated that he observed appellant's vehicle moving "off the improved shoulder several times."

"The trier of fact is the exclusive judge of the facts, credibility of witnesses, and weight to be afforded their testimony." *Maestas v. State*, 963 S.W.2d 151, 156 (Tex. App.—Corpus Christi 1998), *aff'd*, 987 S.W.2d 59 (Tex. Crim. App. 1999). Moreover, as the State notes, "[w]hen conducting a sufficiency review, we consider all the evidence admitted, whether proper or improper." *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001); *see also Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). Thus, even if, as appellant argues, the cocaine evidence was improperly admitted, we nonetheless consider it in our sufficiency review. *See Winfrey*, 393 S.W.3d at 767.[1]

Trooper Lucio and Officer Martinez testified that a baggie containing a white powdery substance was found in appellant's pocket. Officer Morales testified that the substance was cocaine. Based on this evidence, a rational trier of fact could have found the elements of possession of a controlled substance beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 895. We overrule appellant's first issue.

### III. JURY INSTRUCTIONS

By his second issue, appellant contends that the trial court erred in refusing to instruct the jury that it could disregard evidence that was seized in violation of article 38.23 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West,

---

[1] We note that appellant does not complain, in a separate issue, that the trial court erred in admitting the cocaine evidence. Appellant filed a "generic" pre-trial motion to suppress, requesting a hearing to determine the admissibility of any statements made by appellant or physical evidence taken from his person. However, the record does not reflect that that any hearing was held or that the trial court ruled on the motion to suppress. Moreover, at trial, appellant's counsel did not object to Officer Martinez's testimony that the evidence seized from appellant was cocaine. Accordingly, appellant did not preserve any objection to the admission of the cocaine evidence. *See* TEX. R. APP. P. 33.1(a).

Westlaw through 2013 3d C.S.).[2] Appellant argues that he was entitled to an article 38.23 instruction "because the evidence at trial raised [a] disputed material fact (i.e.[,] whether [a]ppellant's driving supported the officer's reasonable suspicion that [a]ppellant drove upon an improved shoulder)."[3] With respect to harm, appellant "argues that the erroneous jury charge given him cause [sic] his egregious harm because is [sic] misstated the law

---

[2] Article 38.23, Texas's state exclusionary rule, provides in pertinent part: "No evidence obtained by an officer . . . in violation of . . . [the] laws of the State of Texas . . . shall be admitted in evidence against the accused on the trial of any criminal case.". TEX. CODE CRIM. PROC. ANN. art. 38.23 (West, Westlaw through 2013 3d C.S.); *see Wilson v. State*, 311 S.W.3d 452, 454 n.1 (Tex. Crim. App. 2010).

[3] We note that section 545.058 of the transportation code provides as follows:

    (a) An operator may drive on an improved shoulder to the right of the main traveled portion of a roadway if that operation is necessary and may be done safely, but only:

        (1) to stop, stand, or park;

        (2) to accelerate before entering the main travelled lane of traffic;

        (3) to decelerate before making a right turn;

        (4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;

        (5) to allow another vehicle traveling faster to pass;

        (6) as permitted or required by an official traffic-control device; or

        (7) to avoid a collision.

TEX. TRANSP. CODE ANN. § 545.058 (West, Westlaw through 2013 3d C.S.). Here, there is nothing in the record suggesting that appellant's driving on the shoulder fit any of the exceptions outlined in the statute. Moreover, Trooper Lucio testified that appellant drove "on and off" the shoulder several times. *See State v. Munsey*, 424 S.W.3d 767, 774 (Tex. App.—Fort Worth Feb. 27, 2014, no pet.) (holding that officer had reasonable suspicion to believe that appellant violated section 545.058(a) by illegally driving on the improved shoulder when it was not a necessary part of achieving any of the approved statutory purposes) (citing *Maldonado v. State*, No. 04–12–00228–CR, 2013 WL 2126383, at *5 (Tex. App.—San Antonio May 15, 2013, pet. ref'd) (mem. op., not designated for publication) (holding that officer had reasonable suspicion to believe driver had violated section 545.058(a) when record contained no evidence that driver's crossing over fog line to drive on improved shoulder was necessary for any statutory purpose listed in section 545.058(a)); *State v. Dietiker*, 345 S.W.3d 422, 425–26 (Tex. App.—Waco 2011, no pet.) (same); *Tyler v. State*, 161 S.W.3d 745, 749–50 (Tex. App.—Fort Worth 2005, no pet.) (same); *see also Thomas v. State*, 420 S.W.3d 195, 200 (Tex. App.—Amarillo 2013, no pet.) (finding that traffic offense of driving on improved shoulder supports initial detention of a driver).

and disputed facts, thereby precluding a valid finding beyond a reasonable doubt that the stop and arrest were lawful." Again, appellant relies on the videotape, which he argues "clearly shows that the officer made a decision to approach the vehicle and stop the vehicle before he had seen any alleged unlawful conduct by [a]ppellant." The State responds that "[a]ppellant has not demonstrated that the trial court committed error because the trial court did so instruct the jury."

At trial, appellant requested the following instruction, which was admitted as Defense Exhibit 1:

> You are instructed that under our law, a peace officer or any other person may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or an offense against the public peace.

> You are instructed that under our law, traffic violations are not offenses against the public peace. You are further instructed that driving while intoxicated is an offense against the public peace.

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the United States of America shall be admitted in evidence against the accused on the trial of any criminal case.

> Now bearing in mind these instructions, if you find from the evidence beyond a reasonable doubt that on the occasion in question, Deputy Sheriff AB was acting as a peace officer or any other person, and placed the defendant under arrest without a warrant and that the offense for which the defendant was placed under arrest was one classed as a felony or an offense against the public peace, then such arrest would be legal and you will continue your deliberations. If you do not so find and believe beyond a reasonable doubt, or if you have a reasonable doubt thereof, then such arrest would be illegal and in such event the jury will disregard the evidence relative to the arrest of the defendant and you will not consider such evidence for any purpose whatsoever and you will return a verdict of not guilty.

The prosecutor responded that Trooper Lucio's testimony that appellant was committing a traffic violation by driving on the improved shoulder provided the basis for

8

the officer's initial stop of appellant's vehicle, and the officer's subsequent interview of appellant and determination that appellant was intoxicated provided probable cause for his arrest. The prosecutor noted the State's objection to appellant's proposed charge and its agreement to the inclusion of a "straight instruction concerning the initial stop and detention." The trial court declined to include the instruction offered by appellant's counsel, and accepted the instruction offered by the State. The charge given to the jury included the following instruction:

> You are instructed that under our law no evidence obtained or derived by an officer [or] another person as a result of an unlawful stop and detention shall be admissible in evidence against such accused. An officer is permitted to make a temporary investigat[ive] detention of a motorist if the officers have specific articulable facts, which, taken together with rational inferences from those facts, lead them to conclude that a person detained actually is, has been, or soon will be engaged in criminal activity. Now, bearing in mind if you find from the evidence that on the occasion in question[,] the Defendant, was not driving his vehicle on an improved shoulder of the road immediately preceding his stop and detention by the officers herein or you have a reasonable doubt thereof, then such stopping of the accused would be illegal and, if you find the facts so to be, or if you have a reasonable doubt thereof, you will disregard this testimony of the officers relative to their stopping the Defendant and their conclusions drawn as a result thereof and you will not consider such evidence for any purpose whatsoever.

6.

> You are instructed that no evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or the Constitution or laws of the United States of America, shall be admitted in evidence against the accused in the trial of any criminal case. You are further instructed that our law permits the stop, arrest, detention, and search of a person by a peace officer without a warrant only when probable cause exists to believe that an offense against the laws of this state or of the United States have been violated. An officer is permitted to make an arrest of [a] motorist if the officer has probable cause to believe the motorist has committed or is committing an offense.

> By the term "probable cause," as used herein, is meant where the facts and circumstances within the officer's knowledge, and of which he has

9

trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed.

Therefore, if you believe beyond a reasonable doubt that the peace officer lawfully obtained the evidence, you may consider it. If you have a reasonable doubt that the peace officer lawfully obtained the evidence, you may not consider it.

During his closing argument, appellant's counsel told the jury that the issue was "whether the officer had probable cause to stop the defendant in the first place." Counsel argued that the video shows Trooper Lucio's vehicle "trying to catch up" with appellant's vehicle, which demonstrates that the officer made the decision to stop appellant before he could have observed appellant driving on the shoulder. Counsel told the jurors that if they found that the stop of appellant's vehicle was unreasonable, "everything else goes out the door."

Article 38.23 provides, in relevant part as follows:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23. A jury instruction under article 38.23(a) is required only when there is a factual dispute concerning the legality of the seizure of evidence. *Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004). A fact issue may be raised from any source and it does not matter whether the evidence is strong, weak, contradicted, unimpeached, or unbelievable. *Id.*

10

To be entitled to the submission of a jury instruction under article 38.23(a), the contested fact issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *See Holmes v. State*, 248 S.W.3d 194, 199–200 (Tex. Crim. App. 2008) (holding that "[i]f there is a contested fact issue, the jury is then instructed about the conflict concerning the specific historical fact that is material to the legality of obtaining the evidence"); *Madden v. State*, 242 S.W.3d 504, 517 (Tex. Crim. App. 2007) (holding that "if [the disputed fact] is not a fact that is crucial to a legal finding of reasonable suspicion, then that disputed fact issue need not be submitted to the jury"); *see also Reynosa v. State*, 996 S.W.2d 238, 240 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (no instruction required when defendant disputed only one of several stated bases for stop); *Crunk v. State*, 934 S.W.2d 788, 794–95 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (article 38.23(a) instruction not required when jury's resolution of disputed fact issue would not render evidence inadmissible).

Here, we are unpersuaded that there is a disputed fact issue. Trooper Lucio testified that he stopped appellant's vehicle because appellant drove on and off the improved shoulder several times. Appellant did not dispute the officer's testimony that he drove on the improved shoulder.[4] Rather, defense counsel's argument focused on why appellant was driving on the shoulder. According to counsel, appellant moved to the shoulder only when he saw the officer's vehicle approaching from behind.

Even assuming, without deciding, that appellant was entitled to an article 38.23 instruction, he has not explained how the instruction that was given was inadequate or erroneous. He asserts simply that it was "erroneous," that it "misstated the law," and

---

[4] On the video, appellant told Officer Lucio that he was trying to avoid debris on the roadway.

11

caused him "egregious harm," but he does not explain how it was "erroneous" or how it caused him "egregious harm." The jurors were instructed that if they believed appellant was not driving on the shoulder, the stop was illegal, and the jurors should not consider the officer's testimony or any evidence obtained as a result of the stop or arrest. We conclude that the instruction that was given adequately instructed the jurors to disregard any evidence obtained pursuant to an illegal stop. We overrule appellant's second issue.

By his third issue, appellant contends the trial court erred in refusing to instruct the jury at the punishment phase that parole and good conduct time do not apply to state jail felonies. Appellant asserts—without argument or elaboration—that the trial court's failure to instruct the jury violated his "right to due process and fair trial."

At the punishment phase of trial, defense counsel requested that the jury be instructed that parole and good conduct time do not apply to a state jail felony offense. The State objected to the requested instruction, and the trial court denied the instruction.

A person convicted of a state jail felony is not eligible for parole and does not earn good time credit while in state jail. *See* TEX. GOV'T CODE ANN. § 508.141(a) (West, Westlaw through 2013 3d C.S.); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(h)(1) (West, Westlaw through 2013 3d C.S.); *Best v. State*, 118 S.W.3d 857, 866 (Tex. App.—Fort Worth 2003, no pet.). Article 37.07, section 4 of the code of criminal procedure mandates a jury instruction on the subjects of parole and good conduct time as applied to persons convicted of first, second, and third degree felonies. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4 (West, Westlaw through 2013 3d C.S.). The legislature has not, however, mandated that juries be informed that persons sentenced to state jail do not earn good conduct time and are not eligible for parole. *See Best*, 118 S.W.3d at 866; *see also*

12

*Gratten v. State*, No. 03-06-00036-CR, 2007 WL 844869, at *1 (Tex. App.—Austin Mar. 20, 2007, no pet.) (mem. op., not designated for publication). Appellant has cited no statute or authority requiring such an instruction. Accordingly, we hold that the trial court did not err in refusing the requested instruction. *See Best*, 118 S.W.3d at 866 ("Because the legislature has not specified that juries be informed that parole or good-conduct time does not apply to state jail felonies, we conclude that such an instruction is not required, appellant was not entitled to such an instruction, and the trial court did not err in refusing to so instruct the jury."); *see also Carter v. State*, No. 03-03-00028-CR, 2004 WL 792114, at *2 (Tex. App.—Austin Apr. 15, 2004, no pet.) (mem. op., not designated for publication). We overrule appellant's third issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of June, 2014.